## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CAPSTAN AG SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:16-cv-4132-DDC-KGS |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| RAVEN INDUSTRIES, INC. and CNH | ) | |
| INDUSTRIAL AMERICA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Raven Industries, Inc. ("Raven") and CNH Industrial America LLC ("CNH") (collectively "Defendants") respectfully submit their Answer to Plaintiff's Complaint.  Except as is expressly admitted in this Answer, Defendants deny each allegation contained in the Complaint.

### NATURE OF THE ACTION

1.      Defendants admit this is a case alleging patent infringement but deny they have committed any acts of infringement.  Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

### PARTIES

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore deny the same.

4.      Raven admits it is a South Dakota corporation with a principal place of business at 205 E. 6th Street, Sioux Falls, SD  57104.

5.      CNH admits it is a Delaware limited liability company with a principal place of business at 700 State St., Racine, WI 53404.

KCP-4779226-1

## JURISDICTION AND VENUE

6.     Defendants admit the Court has jurisdiction over the subject matter of this case because the Plaintiff alleges patent infringement.

7.     Raven admits it conducts business in this District.  Raven denies the remaining allegations in paragraph 7 of the Complaint.

8.     CNH admits it conducts business in this District.  CNH denies the remaining allegations in paragraph 8 of the Complaint.

9.     Defendants admit venue is proper, though they reserve the right to assert that there is a clearly more convenient venue.  Defendants deny the remaining allegations in paragraph 9 of the Complaint.

## JOINDER

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore deny the same.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore deny the same.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny the same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore deny the same.

16.     At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore deny the same.

KCP-4779226-1

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore deny the same.

19.     At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore deny the same.

20.     At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore deny the same.

21.     Defendants admit that in or about 2016, CNH informed Capstan that it would not continue its purchase agreement with Capstan but denies the remaining allegations in paragraph 21 of the complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants admit the U.S. Patent and Trademark Office issued Patent No. 8,191,795. Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore deny the same.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants admit the U.S. Patent and Trademark Office issued Patent No. 8,523,085. Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore deny the same.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

## COUNT I

31.     Defendants incorporate its previous responses as if fully set forth here.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

KCP-4779226-1

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants admit that claim 1 of the '795 patent claims a plurality of individually controlled pulse width modulated valves, along with other claim elements.  Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants admit that claim 2 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants admit that claim 3 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 55 of the Complaint.

4

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants admit that claim 4 of the '795 patent includes all of the limitations of claim 3.  Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants admit that claim 5 of the '795 patent includes all of the limitations of claim 4.  Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants admit that claim 6 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants admit that claim 8 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants admit that claim 9 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants admit that claim 12 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants admit that claim 14 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants admit that claim 34 of the '795 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

## COUNT II

75.     Defendants incorporate its previous responses as if fully set forth here.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants admit that claim 1 of the '085 patent claims a plurality of individually controlled valves, along with other claim elements.  Defendants deny the remaining allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants admit that claim 2 of the '085 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants admit that claim 3 of the '085 patent includes all of the limitations of claims 1 and 2.  Defendants deny the remaining allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants admit that claim 4 of the '085 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 99 of the Complaint.

100.     Defendants deny the allegations in paragraph 100 of the Complaint.

101.     Defendants admit that claim 6 of the '085 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 101 of the Complaint.

102.     Defendants deny the allegations in paragraph 102 of the Complaint.

103.     Defendants admit that claim 8 of the '085 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 103 of the Complaint.

104.     Defendants deny the allegations in paragraph 104 of the Complaint.

105.     Defendants admit that claim 12 of the '085 patent includes all of the limitations of claim 1.  Defendants deny the remaining allegations in paragraph 105 of the Complaint.

106.     Defendants deny the allegations in paragraph 106 of the Complaint.

107.     Defendants deny the allegations in paragraph 107 of the Complaint.

108.     Defendants admit that claim 15 of the '085 patent includes all of the limitations of claim 14.  Defendants deny the remaining allegations in paragraph 108 of the Complaint.

109.     Defendants deny the allegations in paragraph 109 of the Complaint.

110.     Defendants admit that claim 16 of the '085 patent includes all of the limitations of claim 15.  Defendants deny the remaining allegations in paragraph 110 of the Complaint.

111.     Defendants deny the allegations in paragraph 111 of the Complaint.

112.     Defendants admit that claim 19 of the '085 patent includes all of the limitations of claim 14.  Defendants deny the remaining allegations in paragraph 112 of the Complaint.

113.     Defendants deny the allegations in paragraph 113 of the Complaint.

WHEREFORE, having fully answered Plaintiff's allegations, Defendants respectfully request the

Court to dismiss Plaintiff's Complaint in its entirety, for its costs incurred, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Non-Infringement of U.S. Patent No. 8,191,795)

1.     Defendants have not infringed, and do not infringe, directly or indirectly (contributorily or by inducement), either literally or by application of the doctrine of equivalents, any valid claim of the '795 patent.

### Second Affirmative Defense
### (Invalidity of U.S. Patent No. 8,191,795)

2.     The claims of the '795 patent are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense
### (Failure to State a Claim)

3.     Plaintiff fails to state a claim against either Defendant upon which relief can be granted.

### Fourth Affirmative Defense
### (Limitation on Damages)

4.     Plaintiff's available remedies are limited or barred by 35 U.S.C. §§ 286, 287 and/or 288.

### Fifth Affirmative Defense
### (Equitable Defenses)

5.     Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, waiver, laches, and estoppel, including, but not limited to, prosecution history estoppel and/or prosecution disclaimer.

### Sixth Affirmative Defense
### (Prosecution Estoppel)

6.     Plaintiff is estopped from construing the claims of the '795 patent in such a manner that covers Defendant's products by reason of, among other things, statements made in

the '795 patent, amendments, and/or statements made to the United States Patent and Trademark Office during the prosecution of the application that issued as the '795 patent.

### Seventh Affirmative Defense
### (Non-Infringement of U.S. Patent No. 8,523,085)

7.     Defendants have not infringed, and do not infringe, directly or indirectly (contributorily or by inducement), either literally or by application of the doctrine of equivalents, any valid claim of the '085 patent.

### Eighth Affirmative Defense
### (Invalidity of U.S. Patent No. 8,523,085)

8.     The claims of the '085 patent are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Ninth Affirmative Defense
### (Prosecution Estoppel)

9.     Plaintiff is estopped from construing the claims of the '085 patent in such a manner that covers Defendant's products by reason of, among other things, statements made in the '085 patent, amendments, and/or statements made to the United States Patent and Trademark Office during the prosecution of the application that issued as the '085 patent.

### Tenth Affirmative Defense
### (No injunctive relief)

10.    Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and/or because Plaintiff has an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A.     That Plaintiff's Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for Defendants;

B.     A judgment that Plaintiff take nothing by way of its Complaint;

C.    For a judgment that Defendants do not infringe, directly or indirectly, literally or by application of the doctrine of equivalents, any valid claim of U.S. Patent No. 8,191,795;

D.    For a judgment that Defendants do not infringe, directly or indirectly, literally or by application of the doctrine of equivalents, any valid claim of U.S. Patent No. 8,523,085;

E.    For a judgment that the claims of U.S. Patent No. 8,191,795 are invalid;

F.    For a judgment that the claims of U.S. Patent No. 8,523,085 are invalid;

G.    An Order awarding Defendants their costs;

H.    An Order finding that this is an exceptional case and awarding Defendants their reasonable attorney fees pursuant to 35 U.S.C. § 285; and

I.    All such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by jury.

KCP-4779226-1

Dated: January 25, 2017                      Respectfully submitted,

                                             /s/ Patrick D. Kuehl, Jr.
                                             Patrick D. Kuehl, Jr. (KS # 20113)
                                             Michael R. Owens (KS # 26747)
                                             HUSCH BLACKWELL LLP
                                             4801 Main Street, Suite 1000
                                             Kansas City, MO 64112-2551
                                             Phone: 816.983.8000
                                             Fax:    816.983.8080
                                             patrick.kuehl@huschblackwell.com
                                             michael.owens@huschblackwell.com

                                             David M. Stein (admitted *Pro Hac Vice*)
                                             Evan W. Woolley (admitted *Pro Hac Vice*)
                                             ALSTON & BIRD LLP
                                             333 South Hope Street, Suite 1600
                                             Los Angeles, California 90071
                                             Phone: 213.576.1000
                                             Fax:    213.576.1100
                                             david.stein@alston.com
                                             evan.woolley@alston.com

                                             **Attorneys for Defendants Raven
                                             Industries, Inc. and CNH Industrial
                                             America LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2017, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system.

<u>*/s/ Patrick D. Kuehl, Jr.*</u>
Patrick D. Kuehl, Jr.

KCP-4779226-1